**IN THE COURT OF APPEALS OF IOWA**

No. 22-1382
Filed November 2, 2022

**IN THE INTEREST OF C.R.,**
**Minor Child,**

**E.R., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District
Associate Judge.


A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**


Eric W. Manning of Manning Law Office, PLLC, Urbandale, for appellant
mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

Bonnie J. Heggen, Ankeny, attorney and guardian ad litem for minor child.


Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to her three-year-old child. She challenges the grounds for termination and asks for additional time to reunify with the child. She also contends terminating her parental rights will harm the child because of their close parent-child relationship. Because the record supports terminating the mother's parental rights, we affirm.

The child was born in December 2018. The juvenile court removed the child from the mother's custody in January 2020 and adjudicated the child in need of assistance (CINA) in March 2020 based on concerns about the mother's mental health, her substance abuse, and domestic violence in the home. Aside from a period of less than two months in 2021, the child remained out of the mother's custody throughout the CINA proceedings.

The State petitioned to terminate the mother's parental rights in May 2022. After a hearing in June, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h), (k), and (*l*) (2022). We review the order terminating parental rights de novo. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). We need only find the evidence supports termination on one ground to affirm. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

The mother first challenges the sufficiency of the evidence showing the grounds for termination under Iowa Code section 232.116(1)(h) and (k). She does not dispute termination under section 232.116(1)(*l*). "Her failure to challenge termination under paragraph (*l*) waives any claim of error on that ground." *In re N.N.*, No. 21-1978, 2022 WL 610318, at *1 (Iowa Ct. App. Mar. 2, 2022); *accord In re T.C.*, No. 14-1944, 2015 WL 582082, at *1 (Iowa Ct. App. Feb. 11, 2015)

(affirming termination under section 232.116(1)(i) because a parent's failure to challenge that ground waived any claim of error related to it).  We affirm termination under section 232.116(1)(*l*).

Next, the mother requests more time to reunify with the child.  Under Iowa Code section 232.104(2)(b), the court can continue the child's placement for another six months if doing so will eliminate the need for the child's removal.  But first the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104(2)(b).  The mother argues there is a "possibility" that the child could be returned to her custody in a reasonable amount of time.

We cannot conclude that delaying the child's permanency for six months would change the outcome of these proceedings.  The mother had over two years to remedy her parenting deficiencies, four times longer than required under section 232.116(1)(h)(3) (allowing termination of parental rights to children who have been removed for at least six months).  Because the statutory time passed, we view the termination proceeding with a sense of urgency.  *See In re C.B.*, 611 N.W.2d 489, 494–95 (Iowa 2000); *see also In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)).  "[A]t some point, the rights and needs of the child[] rise above the rights and needs of the parent."  *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

Based on the mother's long history of substance abuse and her lack of progress during the CINA proceedings, *see B.H.A.*, 938 N.W.2d at 233 (stating that a parent's past performance shows the quality of the future care that parent can provide), no more time is warranted.

Finally, the mother seeks to avoid termination under section 232.116(3)(c). That section states that "[t]he court need not terminate the relationship between the parent and child" if "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). Even if this circumstance exists, it does not automatically prevent termination of parental rights. *See In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). The court has discretion in deciding whether to preserve the parent-child relationship based on the child's best interests. *See id.*

The juvenile court rejected the mother's claim that terminating her parental rights would harm the child:

> The mother's bond with [the child] has been negatively impacted by the mother's inappropriate/unsafe choices. The Court does not have evidence that termination of parental rights would negatively impact [the child]. Even if there was such evidence, the Court would find it is in [the child]'s best interest to terminate the mother's rights given her history of chaos and turmoil which has directly impacted her child.

After a de novo review of the record, we reach the same conclusion. Because section 232.116(3)(c) does not provide grounds for preserving the parent-child relationship, we affirm the termination order.

**AFFIRMED.**